UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| AARON BENBOW,<br>    Plaintiff,<br><br>    v.<br><br>PATRICIA COYNE-FAGUE, *Director of the Department of Corrections*; and John Does 1-3,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 23-171-JJM-LDA<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Aaron Benbow alleges that, in violation of his constitutional and statutory rights, a guard at the state medium security prison (Defendant John Doe), ordered him to stand up for count, while he was using the toilet, naked, and defecating. Mr. Benbow filed a grievance alleging "voyeurism, perversion, and conduct unbecoming a correctional officer of a sexual nature." ECF No. 1 at 9. Mr. Benbow alleges that thereafter, Defendant John Doe "conducted a partial and unfair so-called investigation which he could not avoid the appearance of impropriety." *Id.* at 10.

Mr. Benbow brings a four count Complaint—violation of Department of Corrections policies and procedures; invasion of privacy in violation of the federal constitution; violation of the Rhode Island state constitution; and due process and equal protection violations. Mr. Benbow seeks: (1) declaratory relief (a declaration that the prison guards "did in fact violate [his] right to be free from unreasonable invasion of privacy", and "fail[ed] to conduct a thorough investigation of this

incident"); (2) injunctive relief ("order [defendants] to comply with established procedures and policies in incidents that involve [the Prison Rape Elimination Act] complaints"); and (3) compensatory and punitive damages. *Id.* 12-15.

Defendant Patricia Coyne-Fague, former Director of the Rhode Island Department of Corrections, sued in her individual and official capacities, moves under Fed. R. Civ. P. 12(b)(6) to dismiss Mr. Benbow's claim for injunctive and declaratory relief, and all claims under the Rhode Island Constitution. ECF No. 6.

I.  *Injunctive and Declaratory Relief*

Defendant claims that Mr. Benbow lacks Article III standing to bring his request for injunctive and declaratory relief asserting that his claim that the relief would prevent future incidents "is wholly speculative." *Id.* at 4. "The redressability element of constitutional standing requires that the plaintiff show 'that a favorable resolution of [the] claim would likely redress the professed injury.'" *In re Financial Oversight & Mgmt. Bd. for Puerto Rico*, 995 F.3d 18, 22 (1st Cir. 2021) (quoting *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012)).

Simply put at this stage, Mr. Benbow has sufficiently alleged that the injunctive relief could prevent future incidents of the kind described, and that a declaration could address the reasonable likelihood of future similar behavior. Therefore, the State's Motion to Dismiss the request for injunctive and declaratory relief is DENIED without prejudice.

## II. Rhode Island Constitution Count

Count III of Mr. Benbow's Complaint seeks damages under the Rhode Island Constitution. Defendant moves to dismiss this Count asserting that no private cause of action exists under these provisions of the state constitution. Rhode Island law is clear that a constitutional provision does not give rise to a private cause of action for money damages without language providing for a monetary remedy. *Bandoni v. State*, 715 A.2d 580, 594-95 (R.I. 1998); *Folan v. State*, 723 A.2d 287, 292 (R.I. 1999). Thus, Count III is dismissed.

THEREFORE, the Court DENIES in part and GRANTS in part Defendant's Motion to Dismiss. ECF No. 6.

FURTHERMORE, because Mr. Benbow is incarcerated and representing himself in this action, and to efficiently manage this litigation, the Court further orders that the Defendant (1) provide the name(s) of the guards involved in the incident described in the Complaint; (2) within 14 days provide copies of all incident reports, and any other writings involving this incident (including disciplinary files); and (3) preserve any video of the incident described in the Complaint and notify Mr. Benbow of its existence. Once the name of the guard(s) involved is provided to Mr. Benbow, he is granted leave to amend his Complaint by substituting the names of the guards for the John Does.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Chief Judge

August 10, 2023

4